**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SEA BRIGHT FIRST AID SQUAD, INC.,

                    Plaintiff,

v.

ARCH INSURANCE COMPANY,

                    Defendant.

Civil Action No. 14-1447 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Arch Insurance Company's motion for summary judgment. (ECF No. 24.) Plaintiff Sea Bright First Aid Squad, Inc. ("Plaintiff") has opposed the motion (ECF No. 26), and Defendant has filed a reply (ECF No. 27). The Court, however, lacks jurisdiction to decide the controversy and thus dismisses the action.

Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Where a jurisdiction-conferring claim has been dismissed, a federal court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1285 n.14 (3d Cir. 1993). Yet, where a court never possessed a proper basis for jurisdiction in the first place, the option to exercise supplemental jurisdiction is not available. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996); *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001) ("The district court is

empowered to take supplemental jurisdiction over the state claims only if the court first has 'original jurisdiction' of the claim to which the state claims are attached."). Dismissal for lack of federal question jurisdiction (under Rule 12(b)(1) of the Federal Rules of Civil Procedure) is appropriate "where the alleged claim under the Constitution or federal statute[] clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 773, 776 (1946). Plaintiff bears the burden of showing subject matter jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

Here, jurisdiction before this Court was based on the existence of a claim derived from a federal statute,[1] and that claim has been voluntarily dismissed by Plaintiff. Plaintiff, in its complaint, asserted two claims against Defendant: one for breach of contract and one for violation of the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129 ("NFIA"). On May 5, 2014, the parties stipulated that Plaintiff's second claim, under the NFIA, should be dismissed without prejudice (ECF No. 11) because the insurance policy in question was not a flood insurance policy and was not issued pursuant to the NFIA (ECF No. 29). The Court so-ordered the parties' stipulation and dismissed the second count of the complaint. (ECF No. 12.) Under the circumstances, the claim was "wholly insubstantial and frivolous." *See Bell*, 327 U.S. at 776. Although the NFIA claim was dismissed by stipulation of the parties and subsequent court order (which falls under Rule 41 of the Federal Rules of Procedure rather than Rule 12(b)(1)), there was absolutely no basis for bringing suit pursuant to the NFIA. As a result, the Court never possessed

---

[1] Plaintiff, in the complaint, bases jurisdiction for the action on its claim under 42 U.S.C. § 4072, despite citing to 28 U.S.C. § 1332, the diversity jurisdiction statute, in error. (Compl. ¶ 1.)

2

federal question jurisdiction to decide the matter. In addition, the complaint lacks allegations supportive of diversity jurisdiction.[2]

Accordingly, based on the preceding, the Court must dismiss the action, without prejudice, for lack of jurisdiction. Pursuant to 28 U.S.C. § 1653, Plaintiff is entitled to file an amended pleading, curing the defective allegations of jurisdiction contained in the complaint. Should Plaintiff file an amended complaint in this jurisdiction, Defendant may refile its motion for summary judgment. Alternatively, to the extent an applicable statute of limitations has run, 28 U.S.C. § 1367 will toll the limitations period for an additional thirty days from the date of dismissal, allowing Plaintiff to refile in state court. An order reflecting this decision is filed concurrently with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date:   July 27, 2015

---

[2] Although there is the potential for diversity jurisdiction, pursuant to 28 U.S.C. § 1332, the complaint does not identify the state of citizenship for either party (Compl. ¶ 1). *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("It is well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court . . . ." (internal quotation marks omitted)).